UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR H. CAUSEY, SR.,<br><br>  Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SANTA RITA JAIL,<br><br>  Defendant. | Case No. 20-02703 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Santa Rita County Jail, where he is currently being detained. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* shall be addressed in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      **Plaintiff's Claims**

Plaintiff is suing the Santa Rita County Jail ("Jail") for injuries he suffered when another inmate "squirt[ed him] with his bodily fluids of a concoction of urine and feces," which made contact with Plaintiff's eyes, "causing a burning sensation and down my throat which had me vomiting for days." Dkt. No. 1 at 3.  Plaintiff holds the Jail liable because this same inmate "was responsible for the firing of three Alameda County Sheriff dept[ies] which made headline news as well as the newspaper." *Id.*  Plaintiff claims this inmate should not have been allowed to program with other inmates because he was documented for this type of behavior. *Id.* Plaintiff seeks damages. *Id.*

The complaint is deficient for several reasons.  First of all, the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Here, Plaintiff clearly did not exhaust administrative remedies before filing this suit as required by the PLRA as he indicates on the complaint that he did not present the facts of his complaint for review through the grievance procedure believing it "doesn't involve[] the grievance procedure" as it "involves an inmate throwing bodily fluids on me." Dkt. No. 1.  Plaintiff is simply

2

mistaken.

The PLRA itself does not define prison conditions, but the Supreme Court has broadly construed the term. *Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see, e.g.*, *Roles*, 439 F.3d at 1018 (exhaustion requirement applies to claim that private prison employee confiscated prisoner's magazines); *Bennett v. King*, 293 F.3d 1096, 1097-98 (9th Cir. 2002) (exhaustion requirement applies to claims of harassment by prison officials in retaliation for prisoner's religious expression). Plaintiff wants to hold the Jail liable for injuries sustained when he was exposed to an inmate with documented behavioral issues. Such an episode falls squarely in the realm of "prison life" as defined in *Porter*, 534 U.S. at 532. Furthermore, exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Id.* at 739. Accordingly, Plaintiff must first pursue all available remedies through the Jail's grievance procedures before he may bring this suit for damages against the Jail.

Secondly, Plaintiff's allegations must be sufficient to satisfy the two elements for a § 1983 claim: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. at 48. Plaintiff's allegations are insufficient in this regard as he fails to identify the constitutional right that was violated by the incident and the specific Defendant(s) responsible for the alleged violation. Plaintiff

3

shall be granted leave to amend to correct these deficiencies, provided he can allege that he properly exhausted his claims before filing this action.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-02703 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. If Plaintiff has not exhausted the claims in the amended complaint, this

4

action will be subject to dismissal for failure to exhaust administrative remedies.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  He may move for voluntary dismissal of this action if it appears futile to file an amended complaint due to his failure to exhaust administrative remedies before filing suit.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated:  _September 4, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\02703Causey_dwlta